## Case No. 17,934.

### WONSON v. PETERSON et al.

[3 Ban. & A. 249; [1] 13 O. G. 548.]

Circuit Court, D. Massachusetts. March 11, 1878.

REISSUE OF PATENT—VALIDITY—INFRINGEMENT—PAINT FOR SHIPS' BOTTOMS.

1. The validity of division B of reissued patent No. 4,599, dated October 17th, 1871, granted to James G. Tarr and Augustus H. Wonson, reaffirmed. Tarr v. Folsom [Case No. 13,-756] followed.

2. Doubts expressed as to the validity of division A of the said reissued patent.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

3. The defence that the reissue is invalid on the ground that the patent does not contain a sufficient specification of the proportions of the ingredients to meet the requirements of the law, unless set up in the answer, cannot be considered.

4. The defendants *held* to infringe division B of complainant's patent by the use of sulphuret of antimony in combination with oxide of copper and a suitable vehicle or medium, notwithstanding that, to the oxide of copper is added a small quantity of arsenite of copper or arsenate of copper, or both, it appearing that sulphuret of antimony is an earthy or mineral matter which dissolves in water more slowly than the oxide of copper.

[This was a bill in equity by Augustus H. Wonson against Benjamin D. Peterson and others for the infringement of letters patent No. 40,515, granted to Tarr & Wonson, November 3, 1863, reissue No. 4,598, granted October 17, 1871.]

Causten Browne and Browne, Holmes & Browne, for complainant.

Chauncey Smith and Shattuck, Holmes & Munroe, for defendants.

SHEPLEY, Circuit Judge. In the case of Tarr v. Folsom [Case No. 13,756], this court decided that division B of the reissued patent to Tarr and Wonson was not void by reason of describing an invention different from the one described and claimed in the original patent, because the original patent clearly suggested a marine paint composed of oxide of copper, an earthy or mineral base, and a vehicle or medium. A doubt was then entertained by the court, which it has since had occasion, on a motion in another case for a preliminary injunction, to express, that division A could not be sustained for a paint compounded of two only of the ingredients, viz.: oxide of copper and a vehicle or medium. But, after careful re-examination in the light of the more elaborate discussion of the question in this case, the court adheres to the opinion that the invention substantially, though not accurately and fully described in the original patent, is the one more accurately and clearly described in the reissue division B. The object of the reissue was to correct this inadvertence in the original description. There is no ground to conclude that it was intended to embrace something not invented by or known to the patentee at the time of his original application. The marine paint he described and made and sold had the three ingredients described and claimed in division B. The substance he mixed with the vehicle or medium was a substance produced by roasting the pyritous friable ores, the exposure to air and heat converting the contained copper into an oxide, and the other mineral and earthy substances remaining after the roasting serving in the paint to interpose, between the particles of oxide of copper, substances which dissolve in sea-water more slowly than they do.

An objection is raised, in argument, against the validity of the reissue, on the ground that

the patent does not contain a sufficient specification of the proportions of the ingredients, to meet the requirements of the law. This defence is not set up in the answer and cannot be considered. Goodyear v. Providence Rubber Co. [Case No. 5,583]; Rubber Co. v. Goodyear, 9 Wall. [76 U. S.] 793.

The defence of the anticipation of this patent by the Wetterstedt patent was fully considered in Tarr v. Folsom [supra]. The disclaimer, in the Tarr and Wonson patent, of such mixtures as are referred to in the Wetterstedt patent should be construed as the Wetterstedt patent itself is to be construed. That patent describes a ship's paint to be made of pulverized antimony and pure oxide of copper, in which a protective influence of the antimony upon the copper is incorrectly ascribed to a supposed galvanic action. The antimony in the Wetterstedt paint was not so used that it performed the function of a base, retarding the dissolution of the copper, by itself dissolving more slowly than the oxide of the copper.

The testimony of Brown and Gardner, when carefully considered, does not prove an anticipation of the Tarr and Wonson invention. Sulphuret of antimony, used by defendants in their paint, is an earthy or mineral matter, which dissolves in water more slowly than the oxide of copper. It comes within the description of the retarding earthy or mineral basis described in the division B, and the use of it, in combination with oxide of copper and a suitable vehicle or medium, constitutes infringement, notwithstanding to the oxide of copper is added a small quantity of arsenite of copper or arsenate of copper, or both.

Decree for injunction and account as prayed for in the bill.